## MASTROIANNI v. BOARD OF LIQUOR CONTROL et.

Common Pleas Court, Franklin County.

No. 189031.   Decided April 13, 1954.

Paul Ward, Columbus, Charles T. Kaps, Cleveland, for appellant.

C. William O'Neill, Atty. Genl., Kiehner Johnson, Asst. Atty. Genl., Columbus, for appellee.

**OPINION**

By CLIFFORD, J.

This matter comes before the Court on appeal from a decision of the Board of Liquor Control, in which decision the Board denied a transfer of a Class D-5 liquor permit held by appellant Mastroianni, from a location in the incorporated village of Waynesburg to a place in the unincorporated territory of Stark County outside the corporate limits of Canton.

Briefly, the facts are these: The Chief of the Permit Division of the Board of Liquor Control wrote a letter to Mastroianni, saying that his application for transfer had been approved subject to certain conditions, and if the conditions were met, the transfer of the permit to the proposed new location would issue as applied for. Relying upon this letter Mastroianni built a new building to house his business, spending a large sum of money. After complying with the conditions set forth in the letter Mastroianni notified the Department of Liquor Control that he was ready to commence doing business at the new location, and asked transfer of his permit. The Department refused, saying that to transfer the permit from the incorporated village of Waynesburg to the unincorporated territory of Stark County would increase the number of outstanding liquor permits of the class in question in unincorporated Stark County to twenty-three. This said the Department would be one in excess of the quota for the unincorporated area of Stark County, which quota is twenty-two under Regulation 64. Regulation 64, the "freeze order," set the number of outstanding permits of this class at the number outstanding on April 11, 1949.

Between the time Mastroianni received the letter on which he relied to construct the building to house his business, and the time of the Department's refusal to transfer his permit, a change of personnel had occurred in the Permit Division. Appellant contends that accompanying this change of personnel was a change of the policy of the Department of Liquor Control, and that the Department is **estopped** from following such a change of policy to the prejudice of the appellant, especially after inducing appellant to rely upon the aforementioned letter of the Department to the effect that a transfer would issue.

Appellant had submitted two applications to transfer his permit to the new location. It was stipulated by the parties herein, that on the dates of both applications, and on April

11, 1949, the date on which the quota was set for Class D-5 permits, that the number of outstanding Class D-5 permits for the unincorporated area of Stark County was twenty-two. It is apparent to this Court that if the requested transfer is made, the transfer must be made in violation of Regulation 64 of the Department of Liquor Control because this Regulation unequivocally sets the lawful quota of Class D-5 liquor permits for the unincorporated area of Stark County at twenty-two. The requested transfer, if executed, would raise the number of outstanding Class D-5 permits to twenty-three, or one in excess of that permitted by Regulation 64.

There can be **no estoppel** against the State as contended for by appellant. The Court does not view the refusal by the Department to transfer as a digression from any original policy. Rather, the Court is of the opinion that the original letter of the then Chief of the Permit Division to Mastroianni which indicated that a transfer would be made, was the unauthorized act of an agent of the Department, because the letter stated that the Department would do something which Regulation 64 expressly forbade it to do, i. e., issue permits within a political subdivision in excess of the number outstanding on April 11, 1949. At **16 O. Jur. 649, 650**, it is said:

"Unlike an individual, the state can act only by its agents or officers, and it cannot be estopped by acts of its officers or agents unless it has by statute authorized them to act on that behalf and then the estoppel can be no broader than the authority. Agents of the state, unlike the agents of individuals, do not possess so-called 'apparent powers,' and the State cannot be estopped by acts of its agents which are not within their actual authority, even though they may be such as would, under similar circumstances, be within the implied or apparent authority of the agent of a private person."

The case before the Court is indeed a hard case, and great hardship will likely fall upon appellant if he is unable to obtain transfer of his permit. The authorities upon the question before the Court are, however, quite clear. At 1 A. L. R. 2d 344, the law is stated:

"The doctrine of estoppel should not be lightly invoked against the state. It will not be applied against it in its governmental, public, or sovereign capacity, or to deprive it of its sovereign rights or from exercising its police powers * * *. The state cannot be estopped by the unauthorized or fraudulent acts or admissions or conduct of its officers; or by their mistaken or erroneous statements or opinions; or by their omission or neglect."

On the proposition that "the doctrine of estoppel is not ap-

plied to the extent of impairing sovereign powers of a state such as it exercises, for example, in the enactment and enforcement of police measures," and that "a state cannot be estopped by the unauthorized acts or representations of its officers," see 19 Am. Jur. 818. This Court is constrained to hold that no estoppel lies against the Board or the Department of Liquor Control in this case.

Although the question of what constitutes a political subdivision in connection with the language "within each political subdivision" contained in Regulation 64 does not appear from the record to have been before the Board as an issue in this case, the Court will, however, comment briefly on this point because of the memorandum submitted by counsel for appellant.

The applicable part of Regulation 64, Section I, states:

"The number of D-3, D-3A, D-4 and D-5 permits which may be issued within the State of Ohio and **within each political subdivision thereof** is hereby limited to a figure which shall be equal to the number of permits of each above designated class respectively issued and outstanding in the State of Ohio and in **each political subdivision thereof** as of April 11, 1949." (Emphasis ours.)

The meaning of "within each political subdivision" has been interpreted in 1939 O. A. G. Opn. No. 947 in connection with an interpretation of §4303.29 **R. C.,** §6064-17 **GC.** Appellant argues that the construction given the words "within each political subdivision" in 1939 O. A. G. Opn. No. 947 is no longer the law in Ohio. Appellant cites the unreported Ohio case of State of Ohio ex rel. Sobiech v. Fleckner, No. 31901, in which the Supreme Court overruled a demurrer to the petition in mandamus. One of the authorities cited in behalf of the demurrer was 1939 O. A. G. Opn. No. 947, and appellant contends that since the Supreme Court overruled the demurrer, the Court did in effect overrule the authorities cited in behalf of the demurrer. This is not the law for if this principle were applied, the result would be the overruling of authorities erroneously cited in behalf of a given proposition. If the high court did give its reasons for overruling the demurrer in that case, this court has not seen them. In the absence of better authority to the contrary, this court will follow the law as interpreted in 1939 O. A. G. Opn. No. 947.

The Court finds that the order of the Board of Liquor Control is supported by reliable, probative and substantial evidence and that the order of the Board is in accordance with law. The order of the Board is affirmed.